THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,

Plaintiff,

v.

COSMED GROUP, INC.,

Defendant.

Civil Action No. CA 05 353 ML

**UNOPPOSED MOTION OF THE UNITED**
**STATES TO ENTER THE CONSENT DECREE**

On August 18, 2005, a proposed Consent Decree between Plaintiff, the United States of America ("United States"), on behalf of the Environmental Protection Agency ("EPA"), and Defendant, Cosmed Group, Inc. ("Cosmed"), was lodged with this Court, pursuant to 28 C.F.R. § 50.7. The Consent Decree resolves the claims of the United States against Cosmed for violations of Sections 110, 112 and 113 of the Clean Air Act ("CAA"), 42 U.S.C. §§ 7410, 7412, and 7413, with respect to six current or former Cosmed facilities in Coventry, RI, South Plainfield, NJ, Waukegan, IL, San Diego, CA, Grand Prairie, TX, and Baltimore, MD.

Notice of the lodging of the Consent Decree and the opportunity for the public to comment was initially published in the Federal Register on August 25, 2005 (70 Fed. Reg. 49950). Because of a typographical error in the initial notice, a corrected notice of lodging and opportunity for public comment was published in the Federal Register on September 1, 2005. *See* 70 Fed. Reg. 52127. The requisite thirty days from the date of the corrected notice has expired.

The U.S. Department of Justice ("DOJ") received only one comment from the public, a comment from B. Sachau, included herewith as Attachment A to the enclosed Memorandum in Support of the Unopposed Motion of the United States to Enter the Consent Decree ("Memorandum"). That comment highlighted a typographical error contained in the original Federal Register notice. DOJ's response to the comment was the publication of the corrected notice, attached to the Memorandum as Attachment B. While no further comments to the Consent Decree were received as part of the formal public comment process, after the August 18, 2005 lodging of the Consent Decree, EPA received certain verbal information from anonymous sources relating to compliance at the former Cosmed sterilization facility in South Plainfield, New Jersey ("New Jersey Facility"), one of the former Cosmed facilities addressed by this enforcement action. EPA's response to the verbal information is outlined in the Memorandum and the accompanying declaration, attached to the Memorandum as Attachment C.

In Support of this Motion, the United States relies on the enclosed Memorandum and attachments, submitted herewith. For the reasons set forth in the Memorandum, the United States' Motion should be granted and the Consent Decree resolving this matter between the United States and Cosmed Group, Inc. should be entered as a final judgment by this Court.

Pursuant to the Consent Decree, Defendant, Cosmed, consents to the entry of this Consent Decree. Consent Decree at 31-32, ¶ 77.

WHEREFORE, the United States respectfully requests that the Court sign the Consent Decree and enter it as a final judgment.

Respectfully submitted,

KELLY A. JOHNSON
Acting Assistant Attorney General
Environment and Natural Resources Division

HUGH W. MARTINEZ, B.B.O. #552196
DOJ Special Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice

ROBERT CLARK CORRENTE
United States Attorney
District of Rhode Island

MICHAEL P. IANNOTTI
Assistant United States Attorney
District of Rhode Island
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000

OF COUNSEL:

HUGH W. MARTINEZ
Senior Enforcement Counsel
Office of Environmental Stewardship
U.S. EPA Region 1 - New England
1 Congress Street
Suite 1100 (SEL)
Boston, Massachusetts 02114-2023
(617) 918-1867

JOANNA S. GLOWACKI
Associate Regional Counsel
Office of Regional Counsel
U.S. EPA Region 5 (C-14J)
77 W. Jackson Boulevard
Chicago, Illinois 60604-3590
(312) 353-3757

JOHN F. DOLINAR
Assistant Regional Counsel
Office of Regional Counsel
U.S. EPA Region 2
290 Broadway, 16th Floor
New York, New York 10007-1886
(212) 637-3204

PATRICIA CAPPS WELTON
Assistant Regional Counsel
U.S. EPA Region 6
1445 Ross Avenue (6RC-EA)
Dallas, Texas 75202-2733
(214) 665-7327

DANIEL REICH
Assistant Regional Counsel
U.S. EPA Region 9
75 Hawthorne Street (RC-2-2)
San Francisco, CA 94105
(415) 972-3911

DENNIS M. ABRAHAM
Senior Assistant Regional Counsel
Office of Regional Counsel
U.S. EPA Region 3 (3RC10)
1650 Arch Street
Philadelphia, PA 19103-2029
(215) 814-5214

CHARLES GARLOW
Attorney Advisor
Air Enforcement Division
US EPA Headquarters
Mail Code 2242A
1200 Pennsylvania Ave, N.W.
Washington, D.C. 20460
202-564-1088

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of November, 2005, I forwarded a copy of the Unopposed Motion of the United States to Enter the Consent Decree and supporting memorandum, by postage prepaid mail, to:

Hugh W. Martinez
Senior Enforcement Counsel
U.S. Environmental Protection Agency, Region 1
One Congress Street
Suite 1100
Boston, MA 02114-2023

Todd R. Wiener, Esq.
Charles M. Gering, Esq.
McDermott, Will & Emery
227 West Monroe Street
Chicago, IL 50505-5096

Peter Flynn, Esq.
U.S. Dept. of Justice
Environmental and Natural Resources Division
1425 New York Avenue, NW - Office NY11072
Washington, DC 20530

THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>COSMED GROUP, INC.,<br>Defendant. | Civil Action No. CA 05 353 ML |

**MEMORANDUM IN SUPPORT OF THE UNOPPOSED MOTION OF**
**THE UNITED STATES TO ENTER THE CONSENT DECREE**

Plaintiff, the United States of America ("United States"), on behalf of the Environmental Protection Agency ("EPA"), submits this Memorandum in Support of the Unopposed Motion of the United States to Enter the Consent Decree ("Memorandum"). The United States respectfully requests that the Court sign the proposed Consent Decree between the United States and the Defendant, Cosmed Group, Inc. ("Cosmed"), and enter it as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

## DISCUSSION

### I. Complaint

In this action, the United States sought civil penalties and injunctive relief against Cosmed for violating Sections 110, 112 and 113 of the Clean Air Act ("CAA" or "Act"), 42 U.S.C. §§ 7410, 7412, and 7413, with respect to six current or former Cosmed facilities in Coventry, RI, South Plainfield, NJ, Waukegan, IL, San Diego, CA, Grand Prairie, TX, and Baltimore, MD. The alleged violations pertain to Defendant's use of ethylene oxide ("EtO") gas

as a sterilizing agent at those facilities. EtO is designated a hazardous air pollutant under Section 112 of the Act, 42 U.S.C. § 7412. The details of the violations and prayers for relief are set forth in the Complaint filed by the United States, simultaneously with the Consent Decree.

## II. Consent Decree

The Consent Decree contains the standard provisions found in federal CAA consent decrees. The Consent Decree provides for Cosmed to pay a civil penalty of $500,000 and spend $1 million for four supplemental environmental projects ("SEPs"). The four proposed SEPs will provide substantial health and environmental benefits to heavily populated areas in and around Camden, NJ, Lake County, IL, Dallas, TX, and San Diego, CA. The Decree also requires Cosmed to complete environmental audits at 8 separate facilities, nationwide, and to put in place an environmental management system ("EMS") intended to ensure future compliance and prevent accidental releases of EtO. The Consent Decree provides a liability release for the civil claims, pursuant to Section 113 of the Act, for the violations alleged in the Complaint, through the date of lodging.

## III. Notice and Comment

On August 18, 2005, the proposed Consent Decree was lodged with the Court. Notice of the lodging of the Consent Decree and the opportunity for public comment was published in the Federal Register, on August 25, 2005 (70 Fed. Reg. 49950). On the same day that notice of lodging was published, the United States received a comment from B. Sachau calling attention to an error in the Federal Register notice. A copy of that comment is attached to this Memorandum as Attachment A. The United States agreed there was a typographical error in the initial Federal Register notice and, accordingly, published a subsequent, corrected notice of lodging and

opportunity for comment in the Federal Register, on September 1, 2005 (70 Fed. Reg. 52127). The United States' response to the comment from B. Sachau was the publication of the corrected Federal Register notice, attached to this Memorandum as Attachment B. The thirty (30) day public comment period, from the date of publication of the corrected Federal Register notice, has expired. The United States received no other comments to the Consent Decree during the 30 day public comment period.

Even though the United States received no other comments as part of the formal public comment period, the lodging of the Consent Decree appeared to elicit a reaction from outside parties. Specifically, not long after publicly announcing the proposed settlement and lodging of the Consent Decree, EPA received verbal information from one or more anonymous source regarding Clean Air Act compliance at one of the six (6) current or former Cosmed plants involved in this national case. Purported to be from current employees at the facility in question, the details of this new information are set forth in the Declaration of Mozafar Ghaffari, an environmental engineer with EPA Region 2 in New York, NY, appended hereto as Attachment C. After a thorough EPA investigation, including an unannounced Clean Air Act compliance inspection by an inspection team from EPA Region 2, no violations of the Act were found. *See* Attachment C.

## IV. <u>Standard of Review and Case-Specific Analysis</u>

There is a strong public policy favoring settlements "particularly in very complex and technical regulatory [cases]." *United States v. CUCCo v. Puerto Rico Electric Power Authority ("PREPA")*, 204 F.3d 275, 280 (1st Cir. 2000). In fact, "the presumption in favor of settlement is particularly strong where a consent decree has been negotiated by the Department of Justice on

behalf of a federal administrative agency specially equipped, trained or oriented in the field." *United States v. Cannons Engineering Corp.*, 720 F. Supp. 1027, 1035 (D.Mass. 1989), *aff'd*, 899 F.2d 79 (1st Cir. 1990); *accord PREPA*, 204 F.3d at 280 (stating that the policy in favor of settlements has a particular "bite" when dealing with a government actor who is "committed to the protection of the public interest and specially trained . . . in the field."). Here, the Consent Decree advanced by the United States, on behalf of EPA, focuses on protecting the health and environmental well-being of large areas with significant human populations, nationally, thereby achieving the purpose of the above-mentioned policy.

Prior to a court accepting a consent decree, it must determine that the decree is "fair, reasonable, and consistent with environmental goals." *PREPA*, 204 F.3d at 280. To determine whether a proposed settlement is fair, courts look to factors such as the good-faith efforts of the negotiators, the opinions of counsel, and the possible risks involved in litigation if the settlement is not approved. *Cannons*, 899 F.2d at 86-87; *United States v. Hooker Chem. & Plastics Corp.*, 607 F. Supp. 1052, 1057 (W.D.N.Y.), aff'd, 776 F.2d 410 (2d Cir. 1985) (approving a consent decree settling action brought under RCRA and CERCLA). A consent decree is fair in the eyes of the Court, if the settlement occurred at arm's length with good faith bargaining. *PREPA*, 204 F.3d at 281. In determining whether a decree is reasonable and consistent with environmental goals, the court looks to see if each party had an attorney who was able to evaluate "the strengths and weaknesses of the . . . case." *Cannons*, 720 F. Supp. at 1036. It is not the Court's duty to determine whether the decree was the "best possible settlement that could have been obtained." *Cannons*, 720 F. Supp. at 1036. When dealing with environmental cases, "EPA's expertise must be given the benefit of the doubt when weighing substantive fairness." *PREPA*, 204 F. 3d at 281.

In this case, the settlement embodied in the Consent Decree is the result of good-faith, arms-length bargaining between the United States and Cosmed. For almost two years, the United States and Cosmed have engaged in vigorous and extensive pre-filing negotiations regarding the terms of the settlement. Throughout those negotiations, Cosmed was represented by experienced environmental attorneys. The Decree reflects the parties' careful and informed assessment of the relative merits of each other's positions while taking into consideration the costs and risks associated with litigating a case such as this. It also embodies a measure of compromise on both sides. As with any fair settlement, both the United States and Cosmed gain the benefit of immediate resolution of the litigation and elimination of the risk, while foregoing the opportunity to achieve an unmitigated victory in litigation.

In evaluating a settlement under environmental statutes, fairness may also be considered in light of the effect of the Decree on the public. Communities located near any of Cosmed's 8 current or former facilities will benefit from this settlement through the completion of extensive, facility-wide environmental audits. Communities near current Cosmed plants will benefit from the implementation of a corporate EMS to ensure compliance into the future and prevent accidental releases. In addition, communities located near where any of the SEPs are being implemented will benefit from the elimination of large quantities of harmful air pollutants emitted from diesel and gasoline engines. The Decree protects the environment by requiring Cosmed to control EtO emissions to the air. As a volatile organic compound ("VOC"), EtO contributes to the formation of groundlevel ozone, or "smog." The Decree is, therefore, fair to the public.

The "reasonableness" of a Decree may be determined in light of "whether it is technically

adequate, fully compensates the public for the alleged violations and takes into consideration the risks of litigation." *United States v. Telluride Co.*, 849 F. Supp. 1400, 1403 (D. Col. 1994). As discussed above, the Decree is more than technically adequate in that it contains specific, tailored relief to fully address the alleged violations and, through the SEPs, provides broader benefits beyond what existing laws would require. It concludes this enforcement matter in less time than if the parties had litigated and requires payment of a substantial civil penalty that is appropriate in light of the violations alleged in the Complaint and, thereby, fully compensates the public for those alleged violations.

One of the primary purposes of the Clean Air Act is to protect and enhance the quality of the air so as to promote the public health and welfare. *See*, e.g., Section 101(b)(1) of the Act, 42 U.S.C. § 7401(b)(1). The role of the Court in reviewing an environmental settlement is to determine "whether the decree comports with the goals of Congress." *Sierra Club v. COCA-COLA Corp.*, 673 F. Supp. 1555, 1556 (M.D. Fla. 1987). The proposed Consent Decree with Cosmed furthers the statutory goals of the Act and thus serves the public interest. The settlement achieves, without litigation delays or costs, environmental benefits by requiring Cosmed to comply with the regulations underlying this action, to conduct nationwide facility audits for ensuring future compliance with environmental laws, and to develop a corporate EMS intended to secure continued compliance and prevent accidental EtO releases. It also requires that Cosmed engage in implementing four supplemental environmental projects that will yield substantial air emission reductions and enhance the quality of life for large populations near the location of each SEP.

## V. <u>Information Received by EPA</u>

The information received by EPA subsequent to the lodging of the Consent Decree does not provide any basis for disapproving the Decree. As stated above, EPA received verbal information from one or more anonymous source claiming to be employed at Cosmed's former facility in South Plainfield, New Jersey, one of the six current or former Cosmed plants involved in this case. *See* Attachment C. The South Plainfield operation is one of the facilities that Cosmed sold in January, 2005.

Upon receipt of such verbal information, EPA undertook a prompt and thorough investigation that included, *inter alia*, an unannounced compliance inspection at the facility. As a result of its investigation, EPA found no violations of the Act. Accordingly, since the investigation did not produce any evidence that would cast doubt on EPA's prior understanding regarding the South Plainfield facility —namely, that Cosmed had addressed the violations alleged in the Complaint at that location by bringing the plant into compliance with the regulatory requirements at issue in this case— it also provided no basis on which to disapprove the Consent Decree.

However, even if facts were established at some future time that were inconsistent with EPA's prior and most recent findings, the Consent Decree would not foreclose the possibility of a response from EPA. The Decree applies to, and is binding upon, the United States and Cosmed. Consent Decree, at 3, ¶ 4. The Decree does not preclude EPA from taking action against any subsequent owner of the South Plainfield facility. The Decree also provides releases to Cosmed only for those Clean Air Act civil claims, pursuant to Section 113 of the Act, for the violations alleged in the Complaint, through the date of lodging. Consent Decree, at 26, ¶ 58.

Other than those claims in the Complaint, the Decree specifically reserves EPA's rights to obtain penalties or injunctive relief under the Act (or any other laws), without limitation, and to address any imminent and substantial endangerment to public health or the environment from any current or former Cosmed facility, whether or not related to the violations alleged in this case. Consent Decree, at 26-27, ¶¶ 59 and 63.

The United States has satisfied the notice and comment requirements of 28 C.F.R. § 50.7 by lodging the proposed Consent Decree and publishing it in the Federal Register. The United States continues to believe that the Consent Decree is fair, reasonable, and in the public's interest. The Defendant, Cosmed, pursuant to the Consent Decree, consents to entry as well. Consent Decree at 31-32, ¶ 77.

## CONCLUSION

The Consent Decree presented to this Court for entry is fair, reasonable, and in the public's interest. The Decree embodies a fair and just resolution of a complex environmental enforcement action involving six current or former Cosmed facilities, nationwide. The Decree requires the settling Defendant to comply into the future with the requirements alleged by the United States to have been violated in this case, to pay a civil penalty that is reasonable and appropriate in light of the violations alleged in the Complaint, and to perform four significant supplemental environmental projects (SEPs) that will greatly benefit human and environmental health in densely populated areas in and around New Jersey, Illinois, Texas, and California. The comment and other information received by the United States subsequent to lodging do not provide a basis for rejecting the Consent Decree. As discussed above, the United States has fully considered such comment and information and remains steadfast in its commitment to the

proposed Consent Decree with Cosmed. Entry of the Decree is supported by a long line of case law which calls for deference to EPA's discretion in interpreting and applying highly technical regulations, and to the sophistication of the parties who negotiated in good faith to achieve an expeditious resolution of the United States' claims.

For all the reasons set forth above, the United States respectfully requests that this Court sign and enter the proposed Consent Decree lodged with this Court on August 18, 2005, as a final judgment.

Respectfully submitted,

KELLY A. JOHNSON
Acting Assistant Attorney General
Environment and Natural Resources Division

HUGH W. MARTINEZ, B.B.O. #552196
DOJ Special Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice

ROBERT CLARK CORRENTE
United States Attorney
District of Rhode Island

MICHAEL P. IANNOTTI
Assistant United States Attorney
District of Rhode Island
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000

OF COUNSEL:

HUGH W. MARTINEZ
Senior Enforcement Counsel
Office of Environmental Stewardship
U.S. EPA Region 1 - New England
1 Congress Street
Suite 1100 (SEL)
Boston, Massachusetts 02114-2023
(617) 918-1867

JOANNA S. GLOWACKI
Associate Regional Counsel
Office of Regional Counsel
U.S. EPA Region 5 (C-14J)
77 W. Jackson Boulevard
Chicago, Illinois 60604-3590
(312) 353-3757

JOHN F. DOLINAR
Assistant Regional Counsel
Office of Regional Counsel
U.S. EPA Region 2
290 Broadway, 16th Floor
New York, New York 10007-1886
(212) 637-3204

PATRICIA CAPPS WELTON
Assistant Regional Counsel
U.S. EPA Region 6
1445 Ross Avenue (6RC-EA)
Dallas, Texas 75202-2733
(214) 665-7327

DANIEL REICH
Assistant Regional Counsel
U.S. EPA Region 9
75 Hawthorne Street (RC-2-2)
San Francisco, CA 94105
(415) 972-3911

DENNIS M. ABRAHAM
Senior Assistant Regional Counsel
Office of Regional Counsel
U.S. EPA Region 3 (3RC10)
1650 Arch Street
Philadelphia, PA 19103-2029
(215) 814-5214

CHARLES GARLOW
Attorney Advisor
Air Enforcement Division
US EPA Headquarters
Mail Code 2242A
1200 Pennsylvania Ave, N.W.
Washington, D.C. 20460
202-564-1088