# ATTACHMENT C TO THE MEMORANDUM IN SUPPORT OF THE UNOPPOSED MOTION OF THE UNITED STATES TO ENTER THE CONSENT DECREE

*United States v. Cosmed Group, Inc., CA 05 353 ML (D.RI)*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>COSMED GROUP, INC.,<br>Defendant. | Civil Action No. CA 05 353 ML |

DECLARATION OF MOZAFAR GHAFFARI

1. My name is Mozafar Ghaffari.

2. I am employed as an environmental engineer in the Division of Enforcement and Compliance Assistance, United States Environmental Protection Agency ("EPA") Region 2, in New York, New York. I have been employed by EPA Region 2 since August 17, 1997.

3. Among other things, as part of my official EPA duties, I am responsible for conducting compliance inspections under the Clean Air Act ("CAA" or "Act"). While working at EPA, I have conducted approximately 50 compliance inspections under the Act.

4. As part of my official duties at EPA, I am the lead program/technical staff person for Region 2 in the above-captioned enforcement case alleging CAA violations arising out of the use of ethylene oxide ("EtO") gas as a sterilizing agent by Cosmed Group, Inc. ("Cosmed"). EPA designates EtO a hazardous air pollutant under Section 112 of the Act.

5. I have been the lead EPA Region 2 technical staff person in this matter since 2002. During the development of the above-captioned enforcement action and in my official capacity as an EPA environmental engineer, on March 13, 2002 and February 12, 2003, I conducted CAA compliance inspections at the sterilization facility located at 3459 South Clinton Avenue in South Plainfield, New Jersey ("New Jersey Facility"), formerly owned and operated by Cosmed.

6. The March 13, 2002 and February 12, 2003 inspections at the New Jersey Facility focused, primarily, on Cosmed's compliance with regulations, issued by EPA under Section 112 of the Act

and requiring maximum achievable control technology ("MACT") for EtO, entitled the *Ethylene Oxide Emissions Standards for Sterilization Facilities*, 40 C.F.R. Part 63, Subpart O ("EtO MACT").

7. The principal purpose of the February 12, 2003 inspection was to observe emissions testing conducted by Cosmed under the EtO MACT. Based on the February 12, 2003 inspection, my subsequent review of the test results, dated March 25, 2003, as well as detailed discussions with the EPA Region 2 stack test expert with primary responsibility to review and approve the test report, I determined that the New Jersey Facility was operating in compliance with applicable EtO MACT emission limits.

8. On information and belief, between August 24 and September 28, 2005, EPA received several telephone calls from an anonymous person or persons alleged to be workers at the New Jersey Facility. The calls allegedly were prompted by press coverage concerning the proposed settlement of the above-captioned case. On information and belief, such calls were directed to EPA Region 1 in Boston, MA (the lead EPA region for this national enforcement case) and EPA Region 2. I personally spoke with one such caller and also listened to a voice-mail message left by a caller.

9. On information and belief, the anonymous person or persons who contacted EPA alleged existing violations of the EtO MACT and of regulations implemented by the Occupational Safety and Health Administration ("OSHA") at the New Jersey Facility. The anonymous person or persons also alleged that there were high levels of EtO within the work areas at the New Jersey Facility, that the EtO levels posed a health risk to employees, and that facility owners and operators were not addressing such working conditions.

10. In response to the anonymous, verbal information EPA received subsequent to the lodging of the Consent Decree, I was directed to conduct an unannounced CAA compliance inspection at the New Jersey Facility, in my official capacity as an EPA environmental engineer. After contacting the appropriate OSHA office in New Jersey, on September 29, 2005, I inspected the New Jersey Facility with a compliance testing expert from EPA Region 2, Donald Wright, as well an inspector

from OSHA. Mr. Wright also had accompanied me on a previous inspection of the New Jersey Facility, on February 12, 2003, to observe the emissions testing conducted by Cosmed.

11. My September 29, 2005 inspection was conducted under Section 114 of the Act and, after presenting EPA credentials and obtaining consent to enter, included a facility walk-through, records review, and contact with plant operators.

12. After a thorough review and analysis of available information pertaining to the New Jersey Facility, including the recent information collected during the September 29, 2005 inspection, I did not find any violations of the EtO MACT at the New Jersey Facility.

I declare under the pains and penalties of perjury that the foregoing is true and correct, to the best of my knowledge.

Mozafar Ghaffari
MOZAFAR GHAFFARI, Environmental Engineer
U.S. Environmental Protection Agency, Region 2
New York, New York

Subscribed and sworn to before me this 14th day of November, 2005.

Argie Korkidis Cirillo
Notary Public

ARGIE KORKIDIS CIRILLO
Notary Public, State of New York
No. 4863645
Qualified in Westchester County
Commission Expires June 2, ~~19~~ 2006

My Commission expires on: June 2, 2006